IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-20-214-D |
| ) | |
| JOSEPH KEITH FIELDS, ) | Case No. CIV-25-718-D |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 51].

On June 22, 2021, Defendant pled guilty to one count of drug conspiracy, in violation of 21 U.S.C. § 846 (Count 1), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 2) [Doc. No. 25]. On January 18, 2022, Defendant was sentenced to 132 months of imprisonment for Count 1, and 120 months for Count 2, to run concurrently [Doc. No. 42]. Defendant's judgment was entered on January 19, 2022. *Id.* Defendant did not file a direct appeal.

In a prior Order [Doc. No. 53], the Court ordered Defendant to show cause why his § 2255 motion should not be dismissed as time-barred by the one-year limitations period of § 2255(f). In that Order, the Court noted that Defendant's one-year limitations period expired on February 2, 2023, and no factual or legal basis for a finding of timeliness was apparent.

1

Defendant responded to the show-cause Order on August 4, 2025 [Doc. No. 56]. In his response, Defendant invokes the doctrine of equitable tolling. "Under the doctrine of equitable tolling, [the Court] will occasionally toll the time bar facing a habeas petitioner, though 'only in rare and exceptional circumstances.'" *United States v. Alvarado-Carrillo*, 43 F. App'x 190, 192 (10th Cir. 2002) (unpublished) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).[1] A prerequisite to any application of equitable tolling, however, is a finding that the "petitioner [has] diligently pursue[d] his federal habeas claims." *Gibson*, 232 F.3d at 808; *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[T]his equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.").

The Court finds that Defendant has not shown that he diligently pursued his claims or that the failure to timely file his § 2255 motion was caused by extraordinary circumstances beyond his control. Although he raises claims of ineffective assistance of counsel, notably absent from the record is any claim that Defendant's untimeliness was a result of counsel's misleading advice, conduct, error, or neglect. *Cf. Holland v. Florida*, 560 U.S. 631, 651 (2010) ("[A]t least sometimes, professional misconduct … [could] amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling.").

---

[1] Unpublished opinions are cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

In his response [Doc. No. 56], Defendant also argues that he is actually innocent. "Actual (factual) innocence is a ground for applying equitable tolling." *United States v. Gabaldon*, 522 F.3d 1121, 1124 n.2 (10th Cir. 2008). Under this standard, Defendant must support his allegations "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Supreme Court has "caution[ed], however, that tenable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

Here, Defendant offers no new evidence for his actual-innocence claim. Rather, Defendant argues, without authority, that there must have been another person charged in his case for Defendant to be convicted of a drug conspiracy. Defendant also argues that his conviction under § 922(g)(1) is invalid because the government did not prove Defendant's *intention* to exercise dominion and control over the firearms.[2] These arguments raise claims of legal innocence, as opposed to factual innocence, and therefore make no showing of actual innocence. *See Selsor v. Kaiser*, 22 F.3d 1029, 1036 (10th Cir. 1994) ("[A]ctual innocence of the sentence still requires a showing of *factual* innocence."); *see also United States v. Burks*, 643 F. App'x 757, 758 (10th Cir. 2016) (unpublished) (argument raising claim of legal innocence "makes no showing of actual innocence").

---

[2] As stated above, Defendant pled guilty to being a felon in possession of firearms, in violation of § 922(g)(1). [Doc. Nos. 26, 27].

Finding no basis for equitable tolling, the Court finds that Defendant's § 2255 motion is untimely for the reasons set forth herein and in the Court's show-cause Order [Doc. No. 53].[3] Further, because the "case record conclusively shows [Defendant] is entitled to no relief," an evidentiary hearing under 28 U.S.C. § 2255(b) is not required. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988).

**IT IS THEREFORE ORDERED** that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 51] is **DISMISSED** as time-barred. A separate judgment shall be entered.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a claim is dismissed on procedural grounds without reaching the merits, the movant must show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case. Therefore, a COA is **DENIED**.

---

[3] Because the Court finds that Defendant's § 2255 motion should be dismissed as untimely, the Court does not address whether the collateral attack waiver in Defendant's plea agreement would similarly bar Defendant's § 2255 motion.

**IT IS SO ORDERED** this 3rd day of September, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge