## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-20-214-D |
| ) | |
| JOSEPH KEITH FIELDS, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the Court is Defendant's *pro se* Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. No. 57]. The government has filed a response in opposition [Doc. No. 60], and the matter is fully briefed and at issue.

### BACKGROUND

On June 22, 2021, Defendant pled guilty to a two-count Superseding Information [Doc. No. 23], charging him with drug conspiracy, in violation of 21 U.S.C. § 846; and felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). On January 18, 2022, the Court sentenced Defendant to a prison term of 132 months as to Count 1 and 120 months as to Count 2, to run concurrently [Doc. No. 40]. Defendant did not file a direct appeal.

Defendant has previously filed a motion pursuant to § 3582(c)(1)(A)(i) [Doc. No. 46], which the Court denied. In that Order [Doc. No. 49], the Court found that Defendant had failed to exhaust his administrative remedies. Addressing the merits, the Court also found that Defendant had not established an extraordinary and compelling

1

reason warranting a sentence reduction. *See* USSG §1B1.13(b)(6) ("If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law … may be considered …, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed[.]"). Specifically, the Court found that §1B1.13(b)(6) did not apply to Defendant because he "ha[d] not shown that any change in federal sentencing law ha[d] created a gross disparity between his sentence and the sentence likely to be imposed today, nor ha[d] Defendant served at least 10 years of the term of imprisonment." [Doc. No. 49].

In the present motion, Defendant again seeks relief under § 3582(c)(1)(A)(i), relying solely on USSG §1B1.13(b)(6) to argue that a sentence reduction is warranted. However, Defendant's motion does not indicate that he has exhausted his administrative remedies.[1] Further, Defendant has still not served at least 10 years of his sentence, nor has he shown that a change in federal sentencing law has created a gross disparity between his sentence and one likely to be imposed today. *See* USSG §1B1.13(b)(6).

For these reasons, Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. No. 57] is **DENIED**.

---

[1] Under 18 U.S.C. § 3582(c)(1)(A), a district court may grant relief "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

**IT IS SO ORDERED** this 3rd day of September, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge